# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:09-cv-00098-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS |
| v. | |
| WOODFORD, et al., | (Docs. 1, 10, 17) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**Findings and Recommendations Following Screening**

**I.     Screening Requirement**

Plaintiff Donald Glass ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on January 5, 2009 in the Sacramento Division of the Eastern District of California.  (Doc. 1.)  Plaintiff's case was transferred to the Fresno Division on January 15, 2009.  (Doc. 3.)  On September 23, 2009, the Court screened Plaintiff's complaint and found that it stated cognizable claims against (1) defendants Hamilton, Robles, Logue, Bautista, and John Doe for use of excessive force in violation of the Eighth Amendment; (2) defendants Grandy, Riddle, McDaniel for deliberate indifference to a serious medical need in violation of the Eighth Amendment; and (3) defendants Hamilton, Bautista, Logue, Robles, Riddle, Cedillos, Grandy, and McDaniel for retaliation in violation of the First Amendment.  The Court found that Plaintiff failed to state any other cognizable claims, and dismissed other claims for violation of Federal Rule of Civil Procedure 18(a).  Plaintiff was ordered either to file an amended complaint curing the

1

deficiencies identified, or notify the Court of his willingness to proceed only on claims found to be cognizable by the Court in the September 23, 2009 order.  After receiving numerous extensions of time, Plaintiff notified the Court that he wished to proceed only on the cognizable claims identified.  Accordingly, the Court issues the following Findings and Recommendations.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id. at 1949.

**B.      Summary of Plaintiff's Complaint**

Plaintiff is currently a state prisoner at Kern Valley State Prison.  Plaintiff was previously incarcerated at the California Medical Facility ("CMF") in Vacaville, California, California State Prison at Sacramento ("CSP-Sac") in Represa, California, and California State Prison at Corcoran ("CSP-Cor"), in Corcoran, California.  Plaintiff complains of events that allegedly occurred at CSP-Cor.

Plaintiff names the following defendants: Bill Lockyer, former attorney general of

California; Robert Santos, criminal records manager for State of California Department of Justice; Jeanne S. Woodford, former director of California Department of Corrections and Rehabilitation ("CDCR"); A. K. Scribner, warden of CSP-Cor; Lonnie Watson, Chief Deputy Warden of CSP-Cor; D. Sheppard-Brooks, associate warden at CSP-Cor; D. Ortiz, associate warden at CSP-Cor; V. Yamamoto, associate warden at CSP-Cor; Rhonda Lowden, facility captain; R. Lopez, facility captain; R. Halberg, facility captain; R. Fields, facility captain; A. Diaz, correctional lieutenant; S. Grandy, correctional lieutenant; D. Indendi, correctional lieutenant; L. L. Wood, correctional lieutenant; E. Hamilton, correctional officer; J. Bautista, correctional officer; A. Robles, correctional officer; Logue, correctional officer; V. Cedillos, correctional officer; B. Riddle, correctional officer; L. McDaniel, licensed vocational nurse; Lawence, licensed vocational nurse; D. L. Matthews, correctional lieutenant; R. Warren, correctional sergeant; J. M. Gonzales, correctional officer; W. Hayward, correctional officer; F. Braswell, correctional officer; and A. Olivas, correctional officer. (Pl.'s Compl. ¶¶ 4-33.)

Plaintiff also names in the caption of his complaint the following defendants: Mason, investigative agent; J. Keener, correctional lieutenant; S. Dehlert, correctional sergeant; A. Trujillo, correctional sergeant; M. Hodge-Wilkins, facility captain for Inmate Appeal Branch; Poblete, medical technical assistant; J. Kim, medical doctor; B. Silva, OSSI mail room supervisor; D. Coombs, sergeant; and John Doe correctional officer (listed as "unknown white C/O"). Plaintiff also lists L. Billiou, Issac, and Pina as defendants in the body of his complaint. (Pl.'s Compl. ¶¶ 38, 79.)

Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendment, as well as violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Plaintiff requests as relief monetary damages, declaratory judgment, unspecified preliminary injunctive relief, and initiation of federal criminal proceedings.

  **C.**  **Plaintiff's Claims**

    **1.**  **Prison File**

Plaintiff alleges that on September 2, 2004, defendants D. Ortiz, A. Diaz, and L. Billiou, members of institutional classification committee ("ICC") maintained false and inaccurate prison

3

records which indicated that Plaintiff had been arrested for crimes against a minor. (Doc. 1, Pl.'s Compl. ¶¶ 38-40.) Plaintiff alleges that Ortiz, Diaz, and Billiou restricted Plaintiff's visitation rights with his minor child, and threatened physical violence against Plaintiff if he should file an inmate appeal. (Compl. ¶¶ 38, 41.) Plaintiff alleges that defendants Lockyer, Santos, Woodford, and Scribner should have kept an accurate record of Plaintiff's convictions in his prison file. (Compl. ¶ 40.)

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (quoting Hewitt, 459 U.S. at 468). The Due Process Clause does not guarantee a constitutional right to unfettered visitation. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Plaintiff's allegations do not state a cognizable claim. Plaintiff alleges that he was denied visitation with his daughter, grandson, and fiancee on three consecutive occasions. This does not rise to the level of deprivation that would implicate a liberty interest and the protections of due process. The Ninth Circuit has not found that prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison record. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987). Plaintiff's request for an accurate prison record, without more, does not implicate the protections of due process.

Plaintiff also alleges that defendants disseminated this false information in his prison file to purposefully slander and defame Plaintiff's character, leading to Plaintiff's subsequent assault. (Pl.'s Compl. ¶ 42.) This conclusion however is not supported by any other factual allegation. As explained by the United States Supreme Court, "[a] claim has facial plausibility when the

4

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In order to state a claim, the non-conclusory factual content, along with reasonable inferences from that content, must be plausibly suggestive of a claim. Id. Plaintiff's allegation that the information in his prison file was placed to intentionally lead to Plaintiff's harm does not appear plausible, without any other factual allegations.

Accordingly, Plaintiff fails to state a cognizable claim regarding his prison file under § 1983 against defendants Ortiz, Diaz, Billiou, Lockyer, Santos, Woodford, and Scribner.

**2.     Eighth Amendment - Excessive Force**

Plaintiff alleges that on September 17, 2004, defendants Hamilton, Bautista, Logue, Robles, and John Doe accused Plaintiff of taking too long to cuff up, which Plaintiff denied. (Pl.'s Compl. ¶ 43.) Plaintiff alleges that he and defendant John Doe exchanged profanities. (Pl.'s Compl. ¶¶ 44-45.) Defendant Hamilton then allegedly grabbed Plaintiff from behind and, applying a forearm chokehold, slammed Plaintiff to the ground face first. (Pl.'s Compl. ¶ 46.) Defendants Bautista, Logue, Robles, and John Doe then stomped, punched, and kicked Plaintiff in the face, mouth, head, and back while defendant Hamilton had his knees on top of Plaintiff's back. (Pl.'s Compl. ¶ 47.) Plaintiff was then picked up and slammed into the bars of the holding cage in the rotunda. (Pl.'s Compl. ¶ 49.) Plaintiff alleges he was escorted back to his cell violently. (Pl.'s Compl. ¶ 50.) Plaintiff alleges that defendant Hamilton instructed defendant Cedillos to close Plaintiff's cell door so that defendants Bautista, Logue, Robles, and John Doe would remove Plaintiff's handcuffs in order to beat him. (Pl.'s Compl. ¶ 51.) Plaintiff alleges that defendants Hamilton, Bautista, Logue, Robles, and John Doe then began to beat Plaintiff with their batons after removing his cuffs. (Pl.'s Compl. ¶ 54.) Plaintiff alleges that he tried to defend himself, but was overwhelmed and went down to the ground. (Pl.'s Compl. ¶¶ 55-56.) Plaintiff alleges that he was ordered to roll onto his stomach in order to be cuffed again. (Pl.'s Compl. ¶ 57.) After being cuffed, Plaintiff alleges that defendants Hamilton, Bautista, Logue, Robles, and John Doe rammed the tip of their batons into Plaintiff's back, resulting in three fractured ribs. (Pl.'s Compl. ¶ 58.) Plaintiff alleges that defendants Robles and Bautista

5

then removed their canisters of pepper spray and emptied the entire content into Plaintiff's face. (Pl.'s Compl. ¶ 59.)

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotations and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff states a cognizable excessive force claim against defendants Hamilton, Robles, Logue, Bautista, and John Doe. Plaintiff fails to state a cognizable claim against defendant Cedillos. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or

6

federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Here, Plaintiff has not sufficiently linked defendant Cedillos to any act or omission that would indicate a denial of Plaintiff's constitutional rights.

### 3.      Eight Amendment - Medical Treatment

On September 17, 2004, the same date as the alleged excessive force incident, Plaintiff alleges that defendants Grandy, Riddle, and McDaniel, arrived at the scene and that Plaintiff told them of the incident and his immediate need for medical treatment because of pain in his back and difficulty breathing. (Pl.'s Compl. ¶ 60.) Plaintiff alleges that defendants Grandy, Riddle, and McDaniel refused to allow Plaintiff to decontaminate himself in the shower and ordered that Plaintiff not be permitted to see medical personnel. (Pl.'s Compl. ¶ 63.) Plaintiff alleges that defendants Logue and John Doe refused to request medical attention for Plaintiff despite Plaintiff's request. (Pl.'s Compl. ¶¶ 64-65.) Plaintiff alleges that at approximately 6:30 PM that day, defendant C. Lawrence arrived at Plaintiff's cell because other inmates had called man down in an attempt to get medical attention for Plaintiff. (Pl.'s Compl. ¶¶ 66-68.) Plaintiff alleges that upon examining Plaintiff visually, defendant Lawrence believed that Plaintiff had no broken or fractured ribs. (Pl.'s Compl. ¶ 69.) Plaintiff alleges that defendant Lawrence contacted defendant Kim to tell the doctor that she did not believe Plaintiff had any broken ribs. (Pl.'s Compl. ¶ 70-71.) Defendant Kim allegedly refused to allow Plaintiff to be escorted to the emergency room for a medical diagnosis. (Pl.'s Compl. ¶ 71.)

On September 18, 2004, defendant Poblete allegedly arrived at 1:30 AM after several inmates called man down a second time. (Pl.'s Compl. ¶¶ 72-73.) Defendant Poblete stated that defendants Lawrence and Kim had already treated Plaintiff earlier and denied Plaintiff's request for escort to the medical area for treatment of his three ribs. (Pl.'s Compl. ¶ 73.) Plaintiff allegedly did not receive medical examination until September 27, 2004, when after being escorted to the doctor line, the doctor examined Plaintiff's back and concluded Plaintiff's ribs had been fractured. (Pl.'s Compl. ¶ 74.)

A prisoner's claim regarding inadequate conditions of confinement does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate

7

indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard in the medical context, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds by, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (per curiam); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam).  Moreover, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996);

8

Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).

Plaintiff states a cognizable claim for deliberate indifference to serious medical need against defendants Grandy, Riddle, and McDaniel. Plaintiff does not allege a cognizable claim against defendants Lawence, Poblete, or Kim. Plaintiff's allegations against defendants Lawence, Poblete, and Kim amount at most to negligence, which does not state a claim under § 1983. Estelle, 429 U.S. at 106.

### 4. False Disciplinary Reports and Retaliation

Plaintiff alleges that defendants Hamilton, Bautista, Logue, Robles, Riddle, Cedillos, and Grandy all filed false disciplinary and incident reports to cover up the excessive force incident in retaliation for Plaintiff filing inmate grievances. (Pl.'s Compl. ¶ 75.) Plaintiff alleges throughout his complaint that defendants took action against him because he filed inmate grievances.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). In the prison context, the five basic elements of a viable claim of First Amendment retaliation claim are: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)).

Based on Plaintiff's allegations, Plaintiff states cognizable retaliation claims against defendants Hamilton, Bautista, Logue, Robles, Riddle, Cedillos, Grandy, and McDaniel.

Plaintiff alleges that defendant Lopez conducted the audiotape interview with Plaintiff regarding Plaintiff's rib injuries. (Pl.'s Compl. ¶ 77.) This does not state a cognizable claim because it does not sufficiently link defendant Lopez to any act that would violate Plaintiff's constitutional or federal rights. Long, 442 F.3d at 1185.

///

9

### 5.     Plaintiff's Other Claims and Rule 18(a)

Plaintiff alleges various other violations, including: (1) defendants D. Sheppard-Brooks, R. Lowden, S. Issac, and S. Pina for failure to order an investigation; (2) defendants Sheppard-Brooks, Lowden, Issac, Pina, Keener, and Riddle for retaliatory cell transfer; (3) defendants Indendi, Warren, Gonzales, Hayward, and Dehlert for retaliatory confiscation and destruction of property; (4) defendants Indendi, Dehlert, Gonzales, and Hayward for forcing Plaintiff to sleep on a cold slab of concrete for thirty nine days with a fractured back without a mattress, blanket, t-shirt, socks, or other linens as retaliation; (5) defendants Indendi, Warren, Dehlert, Braswell, Gonzales, and Hayward for withholding Plaintiff's regular and religious meals to burden Plaintiff's practice of his religion, and his fasting during Ramadan; (6) defendants Wood, Gonzales, Braswell, and Trujillo for filing of false disciplinary charges of destruction of state property, and defendant Dehlert for finding Plaintiff guilty; (7) defendants Scribner, Watson, Ortiz, Sheppard-Brooks, Yamamoto, Lopez, Lowden, and Halberg for threatening other inmate witnesses if they cooperated with internal affairs investigation; (8) defendant Halberg for threatening Plaintiff with a disciplinary report for Plaintiff filing an inmate grievance; (9) defendant Lowden for threats and intimidation regarding any investigation; and (10) defendants Coombs and D. Matthews for denying Plaintiff visitation with his daughter, grandson, and fiancee on three occasions.  (Pl.'s Compl. ¶¶ 78-94.)

These allegations by Plaintiff violate Rule 18(a) of the Federal Rules of Civil Procedure. "The controlling principle appears in Fed. R. Civ. P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §

1  1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

2      Plaintiff's claims from paragraph 78 to paragraph 94 of Plaintiff's complaint are distinct from the rest of Plaintiff's other claims against the other defendants.  Accordingly, Plaintiff's claims listed here in subsection 5 of this order are dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 18(a).  If Plaintiff wishes to pursue those claims, Plaintiff should file a separate action.

## II.  Conclusion and Recommendation

    Plaintiff has stated the following cognizable claims: (1) excessive force by defendants Hamilton, Robles, Logue, Bautista, and John Doe; (2) deliberate indifference to a serious medical need by defendants Grandy, Riddle, McDaniel; and (3) retaliation by defendants Hamilton, Bautista, Logue, Robles, Riddle, Cedillos, Grandy, and McDaniel.

    Defendants D. Sheppard-Brooks, R. Lowden, S. Issac, S. Pina, Keener, Indendi, Warren, Gonzales, Hayward, Dehlert, Braswell, Trujillo, Wood, Scribner, Watson, Ortiz, Yamamoto, Lopez, Halberg, Coombs, and D. Matthews are dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 18(a).  Defendants M. Hodge-Wilkins, A. Olivas, Lawence, Poblete, Kim, Mason, Lockyer, Billiou, Diaz, Santos, Woodford, and B. Silva are dismissed from this action for failure to state a claim upon which relief may be granted.  Plaintiff was provided the opportunity to file an amended complaint curing the deficiencies identified, but opted instead to proceed only on the claims found to be cognizable.  Accordingly, further leave to amend will not be granted at this time.

    Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     This action proceed on Plaintiff's complaint, filed January 5, 2009, against

    A.     Defendants Hamilton, Robles, Logue, Bautista, and John Doe for use of excessive force in violation of the Eighth Amendment;

    B.     Defendants Grandy, Riddle, McDaniel for deliberate indifference to a serious medical need in violation of the Eighth Amendment; and

    C.     Defendants Hamilton, Bautista, Logue, Robles, Riddle, Cedillos, Grandy, and McDaniel for retaliation in violation of the First Amendment;

11

2. Defendants M. Hodge-Wilkins, A. Olivas, Lawence, Poblete, Kim, Mason, Lockyer, Billiou, Diaz, Santos, Woodford, and B. Silva be DISMISSED from this action for failure to state a claim upon which relief may be granted; and

3. Defendants D. Sheppard-Brooks, R. Lowden, S. Issac, S. Pina, Keener, Indendi, Warren, Gonzales, Hayward, Dehlert, Braswell, Trujillo, Wood, Scribner, Watson, Ortiz, Yamamoto, Lopez, Halberg, Coombs, and D. Matthews be DISMISSED without prejudice for failure to comply with Federal Rule of Civil Procedure 18(a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 24, 2010**          /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE