# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:09-cv-00098-OWW-SMS PC |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | (ECF Nos. 19, 26) |
| R. FIELDS, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Donald Glass ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 24, 2010, the Court issued an order requiring Plaintiff to furnish further information for initiation of service of process on a Doe defendant. (ECF No. 19.) Plaintiff filed a response on June 4, 2010, stating that the unknown defendant is a white male correctional officer, approximately six foot, three inches tall, who was assigned to IV-B-2 right building Security Housing Unit on September 17, 2004. (ECF No. 26.)

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or
>
> direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

1

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, Plaintiff has not provided sufficient information to identify the Doe defendant. Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause this defendant should not be dismissed, with prejudice, on the ground that Plaintiff has failed to provide sufficient information to identify the Doe defendant.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why the Doe defendant should not be dismissed from this action, with prejudice, pursuant to Rule 4(m); and

2. The failure to respond to this order or the failure to show cause will result in a recommendation that the Doe defendant be dismissed from this action, with prejudice.

IT IS SO ORDERED.

**Dated:   April 6, 2011              /s/ Sandra M. Snyder**

UNITED STATES MAGISTRATE JUDGE