# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:09-cv-00098-OWW-SMS PC |
| Plaintiff, | ORDER DISMISSING DOE DEFENDANTS |
| v. | (ECF Nos. 42, 49) |
| R. FIELDS, et al., | |
| Defendants. | |

Plaintiff Donald Glass ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 7, 2011, the Magistrate Judge issued an order to show cause why Doe Defendants should not be dismissed in this action for Plaintiff's failure to file an amended complaint identifying them. (ECF No. 42.) On May 13, 2011, Plaintiff filed a response stating that he had filed a motion to modify the scheduling order to allow him to conduct additional discovery and file an amended complaint. Plaintiff requested that the Court postpone the order to show cause until his motions were decided. The Magistrate Judge has considered Plaintiff's motions to modify the scheduling order and by separate order found that good cause did not exist to amend the scheduling order.

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or
>
> direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an

1

appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, Plaintiff has not provided sufficient information to identify the Doe defendants. Accordingly, it is HEREBY ORDERED that the Doe Defendants are DISMISSED from this action, without prejudice, pursuant to Rule 4(m).

IT IS SO ORDERED.

**Dated:   August 31, 2011**              /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE