# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:09-cv-00098-OWW-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND THE SCHEDULING ORDER |
| v. | (ECF Nos. 39, 50) |
| R. FIELDS, et al., | |
| Defendants. | |

## I. Procedural History

Plaintiff Donald Glass ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 10, 2010, the order issued opening discovery in this action. The scheduling order established an amended pleadings deadline of February 10, 2011, and a discovery cut-off of April 10, 2011. (ECF No. 29.) On September 13, 2010, an amended scheduling order issued establishing an amended pleading deadline of March 13, 2011, and a discovery cut-off of May 13, 2011. (ECF No. 34.) On May 18, 2011, Plaintiff filed a motion to modify the scheduling order to extend the deadline to file an amended complaint. (ECF No. 18.) Defendants filed an opposition to the motion on April 1, 2011. (ECF No. 41.) On May 3, 2011, Plaintiff filed a reply. (ECF No. 47.) On May 19, 2011, Plaintiff filed a motion to modify the discovery and scheduling order seeking a continuance of the discovery cut-off date. (ECF No. 50.) Defendants filed an opposition on June 1, 2011. (ECF No. 51.) On June 29, 2011, Plaintiff filed a reply. (ECF No. 54.)

///

II. **Arguments of Parties**

    A. **Motion to Modify the Scheduling Order for Amended Complaint Deadline**

Plaintiff alleges that on October 28, 2010, he was seriously injured by prison guards and his legal materials were confiscated from October 28, 2010 through December 2010. Due to the injuries he sustained, Plaintiff was unable to sit up and write for any extended amount of time and was unable to propound discovery requests on Defendants. Plaintiff intended to amend his complaint, however was unable to despite his diligence.

Defendants argue that Plaintiff has failed to establish good cause to modify the scheduling order and that the motion was not timely filed. Defendants state that Plaintiff has failed to demonstrate why he was unable to amend his complaint during the four and one half months between his alleged injury and the deadline to amend the complaint. Plaintiff has shown a lack of diligence and the motion should be denied. Additionally, Defendants argue that they will be prejudiced by the amendment as discovery has already been conducted. Allowing amendment of the complaint would further drag out what has already been a lengthy litigation process.

In his reply, Plaintiff correctly points out that the discovery and scheduling order was amended and that his motion is timely filed. Plaintiff is also seeking to conduct additional discovery that is needed to amend his complaint.

    B. **Motion to Modify the Scheduling Order to Conduct Additional Discovery**

Plaintiff moves to amend the scheduling order to allow him to conduct further paper discovery and file a motion to compel. Prior to being injured Plaintiff had submitted discovery requests to Defendants in this action. Plaintiff states that he needs to conduct additional discovery to ascertain the names of the Doe Defendants. Plaintiff claims to have diligently pursued discovery, but due to his injuries he did not complete discovery.

Defendants argue that the parties have conducted discovery in this action. Plaintiff served answers to their discovery requests on December 8, 2010. Plaintiff propounded discovery requests prior to and after his injury. On February 28, 2011, Plaintiff served requests for admission upon Defendant Hamilton, interrogatories upon Hamilton and Riddle, and interrogatories upon non-defendants Cooke and Rencher. Defendants again argue the same prejudice due to modification of

the scheduling order.

Plaintiff replies that Defendants will not be prejudiced by the modification of the scheduling order. Plaintiff alleges that he has demonstrated extraordinary circumstances exist to extend discovery in this action. Plaintiff was injured on October 28, 2010, and is being denied photocopying services by prison officials at Kern Valley State Prison. Plaintiff requests an extension due to the extraordinary circumstances that exist.

**III.    Legal Standard**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). To allow a modification of the scheduling order without good cause would render scheduling orders essentially meaningless, and directly interfere with courts' attempts to manage their dockets and with the standard course of litigation in actions such as this. Johnson, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and citation omitted)).

**IV.    Discussion**

Initially, the Court notes that Plaintiff's motion, filed March 18, 2011, was timely filed, however Plaintiff was requesting an extension of time to conduct discovery. Since the discovery deadline was not until May 2011, Plaintiff had two months to conduct discovery at the time this motion was filed and the request for the extension of the discovery deadline was premature.

Plaintiff states that he was diligent in attempting to conduct discovery, however due to the injures he sustained he was unable to conduct discovery, and therefore not able to amend his complaint. While Plaintiff alleges that he has been diligent and he was unable to litigate this action due to his injuries, the Court notes that these injuries did not preclude him from litigating other cases

he was involved in. The Court shall take judicial notice of court records and cases Plaintiff has filed.[1]

In <u>Glass v. Scribner</u>, 1:04-cv-05953-LJO-DLB, the court notes the following activity: On November 22, 2010, Plaintiff filed a motion for modification of the pretrial order. Plaintiff was present at the trial on November 30 and December 1, 2010. Plaintiff's motions in limine and opposition to Defendants' motion to modify the pretrial order were filed on December 2, 2010. On January 6, 2011, Plaintiff filed objections to Defendants' bill of costs. Notices of appeal were filed on January 13, 2011 and January 21, 2011. An objection to Plaintiff's amended bill of costs was filed on January 28, 2011. On December 27, 2010, Plaintiff submitted a motion seeking the return of witness fees and on April 8, 2011, Plaintiff filed a reply in <u>Glass v. Beer</u>, No. 1:04-cv-05466-OWW-SMS. On April 29, 2011, Plaintiff filed the opening brief in his appeal. <u>Glass v. Scribner</u>, No. 11-15109 (9th Cir. Apr. 29, 2011).

In this action, discovery opened on August 10, 2010, Plaintiff served discovery requests on September 15, 2010. On October 28, 2010, Plaintiff had additional discovery requests ready to be mailed to Defendants that he gave to correctional officers. Plaintiff received his legal materials back in December 2010, yet he did not serve any discovery requests until February 28, 2011, which appear to include the requests Plaintiff had ready to be mailed on October 28, 2010. Plaintiff then filed the motion to amend the scheduling order on March 18, 2011. Plaintiff conducted no discovery in this action from October 28, 2010 through February 28, 2011, although he was able to litigate other cases he had proceeding. The Court finds that Plaintiff did not exhibit diligence in conducting discovery in this action and does not find good cause exists to amend the scheduling order to extend the deadline to file an amended complaint. <u>Zivkovic</u>, 302 F.3d at 1087.

Additionally, when Plaintiff filed the March 19, 2011, motion to modify the scheduling order he stated that he needed to conduct additional discovery, yet it appears that Plaintiff did not conduct any discovery in this matter during the two months from the time he filed the motion to amend the

---

[1] "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A]court may take judicial notice of 'matters of public record.'" <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001) (quoting <u>Mack v. South Bay Beer Distrib.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986).

4

scheduling order and the discovery cut-off date. Since Plaintiff did not conduct any discovery to determine the names of the Doe Defendants, even had Plaintiff shown good cause, granting Plaintiff's motion would be futile as discovery closed on May 13, 2011.

While Plaintiff claims that the scheduling order needs to be amended to allow him time to file a motion to compel, the responses to his discovery requests were served on April 14, 2011. Plaintiff had just less than a month to file his motion to compel. Since Plaintiff was litigating multiple cases at the same time, it appears he chose to not pursue discovery in this action to address the deadlines in his other cases. Plaintiff's choice to pursue other litigation over this action does not establish good cause. The Court finds that Plaintiff failed to exercise diligence in conducting discovery or in filing a motion to compel. Good cause does not exist to modify the discovery and scheduling order to extend the discovery cut off date. Zivkovic, 302 F.3d at 1087.

## V.  Order

Based on the foregoing it is HEREBY ORDERED that Plaintiff's motions to amend scheduling order, filed March 18, 2011, and May 19, 2011, are DENIED.


IT IS SO ORDERED.

**Dated:   August 31, 2011**            /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE