1

2

3

4

5

6                    # UNITED STATES DISTRICT COURT

7                         EASTERN DISTRICT OF CALIFORNIA

8

9    DONALD GLASS,                              CASE NO. 1:09-cv-00098-AWI-SMS PC

                        Plaintiff,              ORDER DENYING PLAINTIFF'S MOTION TO
10                                              CONTINUE SUMMARY JUDGMENT
          v.
11                                              (ECF No. 56)
     R. FIELDS, et al.,
12                                              OPPOSITION DUE WITHIN SIXTY DAYS
                        Defendants.
13   _____ /

14

15        Plaintiff Donald Glass ("Plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 10, 2010, the order

17   issued opening discovery in this action.  The scheduling order established an amended pleadings

     deadline of February 10, 2011, and a discovery cut-off of April 10, 2011.  (ECF No. 29.)  On
18
     September 13, 2010, an amended scheduling order issued establishing an amended pleading deadline
19
     of March 13, 2011, and a discovery cut-off of May 13, 2011.  (ECF No. 34.)  On May 18, 2011,
20
     Plaintiff filed a motion to modify the scheduling order to extend the deadline to file an amended
21
     complaint. (ECF No. 18.) Defendants filed an opposition to the motion on April 1, 2011.  (ECF No.
22
     41.)  On May 3, 2011, Plaintiff filed a reply.  (ECF No. 47.)  On May 19, 2011, Plaintiff filed a
23
     motion to modify the discovery and scheduling order seeking a continuance of the discovery cut-off
24
     date. (ECF No. 50.)  Defendants filed an opposition on June 1, 2011.  (ECF No. 51.)  On June 29,
25
     2011, Plaintiff filed a reply. (ECF No. 54.)  On July 25, 2011, Defendants filed a motion for
26
     summary judgment. (ECF No. 55.)  Plaintiff filed a motion for a continuance of the motion for
27
     summary judgment on August 12, 2011, and Defendants filed an opposition on August 23, 2011.
28

                                                 1

1   (ECF Nos. 56, 57.) On September 1, 2011, an order issued denying Plaintiff's motion to amend the

2   discovery and scheduling order.

3          Plaintiff moves for a continuance of the summary judgment motion pursuant to Federal Rules

4   of Civil Procedure 56(f). Plaintiff states that he was injured by correctional officers on October 28,

5   2010, causing him to be "irreparably disabled." Plaintiff needs to conduct additional discovery to

6   obtain evidence that is in the possession of Defendants and to contact his inmate witnesses to

7   substantiate his claims.

8          Defendants object to Plaintiff's motion for a continuance due to his lack of diligence in

9   pursuing discovery prior to filing the motion for summary judgment. Plaintiff failed to show that

10  he was diligent in attempting to obtain the statements of his witnesses in the two and one-half years

11  since he filed this lawsuit. Defendants request the motion be denied.

12         Plaintiff quotes the former language of Fed. R. Civ. P. 56(f)[1] in bringing his motion.

13  However, on December 1, 2007, the language of the Rule was changed and the motion is properly

14  brought under F. R. Civ. Proc. 56(d), which states in relevant part "[i]f a nonmovant shows by

15  affidavit or declaration that for specific reasons, it cannot present facts essential to justify its

16  opposition, the court may . . . allow time to obtain affidavits or declarations to take discovery. . . ."

17  The party seeking relief under Rule 56(d) is required to "identify by affidavit the specific facts that

18  further discovery would reveal, and explain why those facts would preclude summary judgment."

19  Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

20         Initially, although Plaintiff asserts that he needs to conduct additional discover in this action

21  the Court found that he failed to show good cause to modify the scheduling order and his request for

22  a continuance to obtain additional discovery is moot. Plaintiff also requests a continuance of the

23  motion for summary judgment to obtain declarations from inmates in support of his opposition.

24  Plaintiff filed this action on January 5, 2009, and on August 12, 2011, filed the motion for a

25  continuance. Plaintiff had well over two years to obtain declarations and yet waited until after the

26

27         [1]Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated
    present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment
28  or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or
    may make such other order as is just. Fed. R. Civ. Proc. 56(f) (West 2007).

1   motion for summary judgment was filed to obtain declarations.  While the Court is cognizant that

2   Plaintiff is proceeding pro se, it is also aware that Plaintiff is a seasoned litigant.  Not only did the

3   Court provide Plaintiff notice of what was needed to oppose summary judgment by the order issued

4   June 4, 2010, Plaintiff, an experienced litigant, would be aware that he would need the declarations

5   of these witnesses.

6          Plaintiff has been aware of the summary judgment motion since it was served on July 25,

7   2011.  He has now had an additional month to obtain the declarations to support his motion for

8   summary judgment. The Court will deny Plaintiff's motion for a continuance of the motion for

9   summary judgment, however Plaintiff will be granted sixty days to file his opposition to the motion.

10  Since Plaintiff has been aware of the need for these declaration since July 25, 2011, Plaintiff will

11  have had ninety days to obtain the declarations, this should be ample time for Plaintiff to receive the

12  declarations and prepare his opposition.

13         Accordingly, it is HEREBY ORDERED that:

14      1.      Plaintiff's motion to continue the motion for summary judgment, filed August 12,

15              2011, is DENIED; and

16      2.      Within sixty days from the date of service of this order Plaintiff shall file his

17              opposition to Defendants' motion for summary judgment.

18

19

20         IT IS SO ORDERED.

21  **Dated:    September 6, 2011**              /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28