# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS,<br><br>                    Plaintiff,<br><br>     v.<br><br>R. FIELDS, et al.,<br><br>                    Defendants. | CASE NO. 1:09-cv-00098-AWI-BAM PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT GRANDY SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO EFFECT SERVICE OF PROCESS<br><br>THIRTY-DAY DEADLINE |

Plaintiff Donald Glass ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 4, 2010, the waiver of service for Defendant Grandy was returned unexecuted. The United States Marshall attempted to execute service on Defendant Grandy at California State Prison, Corcoran, and was unsuccessful was informed that Defendant Grandy had retired. (ECF No. 36.) On April 7, 2011, a second order issued directing the United States Marshall to contact the Office of Legal Affairs to attempt to execute service on Defendant Grandy. (ECF No. 43.) On May 2, 2011, the summons was returned unexecuted, stating that the CDCR does not have a current address for Defendant Grandy. A letter sent to Defendant Grandy at his last known address was returned "not at this address." (ECF No. 45.)

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, in this action the United States Marshal has made two unsuccessful attempts to locate Defendant Grandy. The Court will provide Plaintiff with the opportunity to show cause why Defendant Grandy should not be dismissed from this action at this time.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Grandy should not be dismissed from this action, without prejudice, pursuant to Rule 4(m); and

2. The failure to respond to this order or the failure to show cause will result in Defendant Grandy being dismissed from this action, without prejudice.

IT IS SO ORDERED.

Dated:   October 25, 2011                  /s/ Barbara A. McAuliffe
                                            UNITED STATES MAGISTRATE JUDGE