# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:09-cv-00098-AWI-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR INJUCTIVE RELIEF |
| v. | |
| R. FIELDS, et al., | (ECF No. 65) |
| Defendants. | OBJECTIONS DUE WITHIN TWENTY DAYS |

Plaintiff Donald Glass ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed January 5, 2009, against Defendants Hamilton, Robles, Logue, and Bautista for excessive force in violation of the Eighth Amendment; Defendants Grandy, Riddle, and McDaniel for deliberate indifference in violation of the Eighth Amendment; and Defendants Hamilton, Bautista, Logue, Robles, Riddle, Cedillos, Grandy, and McDaniel for retaliation in violation of the First Amendment.[1] On October 11, 2011, Plaintiff filed a motion for a preliminary injunction. (ECF No. 65.) Defendants filed an opposition on October 20, 2011, requesting the motion be denied because Plaintiff is seeking injunctive relief from persons who are not parties to this action. (ECF No. 68.)

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield

---

[1] On August 31, 2011, an order issued dismissing Doe Defendants from this action due to Plaintiff's failure to effect service of process. (ECF No. 58.) On October 25, 2011, an order issued to show cause why Defendant Grandy should not be dismissed for Plaintiff's failure to effect service of process. (ECF No. 69.) Plaintiff was granted a thirty day extension of time to file a response on December 1, 2011. (ECF No. 78.)

1

1  v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires
2  Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and
3  particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be
4  fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial
5  decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149
6  (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

7  Plaintiff seeks a court order directing officials at Kern Valley State Prison to give him access
8  to his legal materials. The case or controversy requirement cannot be met in light of the fact that the
9  issue Plaintiff seeks to remedy in his motion, access to his legal materials, bears no relation to the
10 claim that Defendants used excessive force, were deliberately indifferent to his medical needs, or
11 retaliated against him while he was confined at California State Prison, Corcoran. Lyons, 461 U.S.
12 at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49
13 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 107 (1998). Because the case-
14 or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which
15 to award Plaintiff the injunctive relief requested. Steel Co., 523 U.S. at 102-103.

16 Plaintiff claims that pursuant to the All Writs Act, 28 U.S.C. § 1651(a), the court does not
17 need to have jurisdiction over the parties to the injunction to issue the requested relief. However,
18 any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in
19 relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no
20 further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.
21 The court shall not grant or approve any prospective relief unless the court finds that such relief is
22 narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and
23 is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. §
24 3626(a)(1)(A). The relief requested by Plaintiff is not related to the underlying claims that
25 Defendants used excessive force, denied him medical treatment, and retaliated against him. Since
26 the relief sought would not remedy the violation of the Federal right at issue here, the Court cannot
27 grant the requested relief and Plaintiff's motion for a preliminary injunction should be denied.

28 Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for

1  injunctive relief, filed October 11, 2011, be DENIED.

2  These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 1, 2012**   /s/ **Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE