# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:09-cv-00098-AWI-BAM PC |
| Plaintiff, | ORDER DISMISSING DEFENDANT GRANDY FOR FAILURE TO EFFECT SERVICE OF PROCESS |
| v. | |
| R. FIELDS, et al., | (ECF Nos. 93, 99) |
| Defendants. | |

Plaintiff Donald Glass ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed January 5, 2009, against Defendants Hamilton, Robles, Logue, and Bautista for excessive force in violation of the Eighth Amendment; Defendants Grandy, Riddle, and McDonald for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and Defendants Hamilton, Bautista, Logue, Robles, Riddle, Cedillos, Grandy, and McDaniel for retaliation in violation of the First Amendment.[1]

On October 25, 2011, an order issued requiring Plaintiff to show cause why Defendant Grandy should not be dismissed from this action due to Plaintiff's failure to provide information sufficient to effect service of process on the defendant. Plaintiff was specifically advised that pursuant to Federal Rule of Civil Procedure 4(m), the court may, on its own motion, after notice to Plaintiff, dismiss a defendant who has not been served within 120 days after the complaint has been

---

[1] On August 31, 2011, Doe Defendants were dismissed from the action for Plaintiff's failure to effect service of process. (ECF No. 58.)

1  filed. Plaintiff was also advised that, so long as he provides the United States Marshal with the
2  information necessary to identify the defendant, good cause exists to extend the time for service set
3  out in Rule 4(m). Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v.
4  Blandford, 912 F.2d 270, 275 (9th Cir. 1990)) abrogated in part on other grounds by Sandin v.
5  Conner, 515 U.S. 472 (1995). On December 30, 2011, Plaintiff filed a response stating that Grandy
6  should not be dismissed because the California Department of Corrections and Rehabilitation
7  ("CDCR") has a custom and policy of instructing prison officials who are being sued to temporarily
8  retire or hide to evade service of process and requesting the CDCR be required to provide the address
9  at which Defendant Grandy was receiving retirement benefits. On March 6, 2012, an order issued
10 directing the United States Marshal to attempt to effect personal service at Defendant Grandy's last
11 known address. Plaintiff was advised that this was the final attempt to procure service on Defendant
12 Grandy and if the United States Marshal was unable to locate and serve Defendant Grandy he would
13 be dismissed from this action for failure to effect service of process. On May 11, 2012, the summons
14 was returned unexecuted, stating that the current owner has lived at the address for the past three
15 months and has no information on Defendant Grandy.

16      In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the
17 Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro
18 se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the
19 summons and complaint and . . . should not be penalized by having his action dismissed for failure
20 to effect service where the U.S. Marshal or the court clerk has failed to perform his duties . . . ."
21 Walker, 14 F.3d at (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)). As long as the
22 plaintiff has provided "information necessary to identify the defendant, the marshal's failure to effect
23 service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United
24 States, 902 F.2d 598, 603 (7th Cir. 1990). However, where a pro se plaintiff fails to provide the
25 Marshal with accurate and sufficient information to effect service of the summons and complaint,
26 the court's dismissal of the unserved defendants is appropriate.

27      On October 4, 2010, the waiver of service for Defendant Grandy was returned unexecuted.
28 The United States Marshall attempted to execute service on Defendant Grandy at California State

Prison, Corcoran, and was unsuccessful being informed that Defendant Grandy had retired. (ECF No. 36.) On April 7, 2011, a second order issued directing the United States Marshall to contact the Office of Legal Affairs to attempt to execute service on Defendant Grandy. (ECF No. 43.) On May 2, 2011, the summons was returned unexecuted, stating that the CDCR does not have a current address for Defendant Grandy. A letter sent to Defendant Grandy at his last known address was returned "not at this address." (ECF No. 45.) On March 29, 2012, the Marshal attempted service of process at Defendant Grandy's last known address and was advised that the current owner had no information regarding Defendant Grandy. (ECF No. 99.)

The Marshal has attempted to serve Defendant Grandy on three separate occasions and has been unsuccessful in locating the defendant. The Court does not find good cause to order the Marshal to make a fourth attempt at service.

Accordingly, Defendant Grandy is HEREBY DISMISSED from this action, without prejudice, for Plaintiff's failure to effect service pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated:   August 3, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE

3