# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:09-cv-00098-AWI-BAM PC |
| Plaintiff, | ORDER DENYING IN PART PLAINTIFF'S MOTION FOR THE ATTENDANCE OF UNINCARCERATED WITNESSES |
| v. | |
| R. FIELDS, et al., | (ECF Nos. 113, 120) |
| Defendants. | DEADLINE TO SUBMIT WITNESS FEES: JANUARY 11, 2013 |
| _____/ | |

## I.    **Background**

Plaintiff Donald Glass ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint, filed January 5, 2009, against Defendants Hamilton, Robles, and Bautista for use of excessive force in violation of the Eighth Amendment; Defendants Riddle and McDaniel for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment; and Defendants Hamilton, Bautista, Logue, Robles, Riddle, Cedillos, and McDaniel for retaliation in violation of the First Amendment.  (Ecf No. 27.)  A jury trial is set for April 15, 2013, before the Hon. Anthony W. Ishii.

In the second scheduling order issued on August 15, 2012, Plaintiff was notified that in order to obtain the attendance of unincarcerated witnesses who refused to testify voluntarily, notice of the names and locations of the witnesses had to be submitted by October 15, 2012.  On October 18, 2012, Plaintiff filed a motion for the attendance of unincarcerated witnesses, a motion for a subpoena

1

1   duces tecum, and a declaration in support of the motion.[1]  (ECF Nos. 113, 115.)  Defendants filed

2   an opposition to the motion for the attendance of unincarcerated witnesses and a response to the

3   declaration on October 26, 2012.[2]  (ECF No. 118, 119.)  On November 1, 2012, Plaintiff filed a

4   notice with the name and location of Lonnie Watson.  (ECF No. 120.)

5   **II.     Motion for the Attendance of Unincarcerated Witnesses**

6          Plaintiff moves for the attendance of Secretary Roderick Q. Hickman, Secretary of the

7   California Youth and Adult Correctional Agency Matthew L. Cate, Chief Deputy Warden Lonnie

8   Watson, Associate Warden D. Sheppard-Brooks, Facility Captain R. Halberg, Facility Captain R.

9   Lopez, Lieutenant Daniel Indendi, and Radiologist Tsung-Yi Stephen Huo at the trial of this matter.

10  Defendants object on the grounds that a number of the witnesses, Brooks, Cate, Hickman, Watson,

11  Lopez, Halberg, and Indendi do not have any relevant information and are being subpoenaed because

12  they held a supervisory position.  (Defendants' Opposition to Plaintiff's Motion for the Attendance

13  of Unincarcerated Witnesses 3,[3] ECF No. 118.)  Defendants request that the subpoenas be denied

14  to avoid the unnecessary expenditure of time and energy to have the subpoenas served and then make

15  the party move to quash.  (Id. at 4.)

16         Plaintiff seeks the attendance of Secretary Roderick Q. Hickman stating he is retired and his

17  address can be obtained through the California Department of Corrections Legal Affairs Office.

18  (Plaintiff's Notice of the Name and Location of Unincarcerated Witness 6, ECF No. 113.)  Plaintiff

19  was informed that in order to obtain the attendance of unincarcerated witnesses he was required to

20  provide the Court with the location of the witness.  Plaintiff has not provided the location of Mr.

21  Hickman and the Court shall not conduct an investigation to find such information.  Plaintiff's

22  motion for the attendance of Secretary Hickman is denied.

23         Plaintiff seeks the attendance of Secretary Matthew Cate stating he has personal knowledge

24

25         [1]Plaintiff's motion for a subpoena duces tecum shall be addressed by a separate order.

26         [2]Although docketed as a response to Plaintiff's declaration, the document is a duplicate of the opposition to
27  the motion for the attendance of unincarcerated witnesses.

28         [3]All references to pagination of specific documents pertain to those as indicated on the upper right corners
    via the CM/ECF electronic court docketing system.

1  of who covered up the collateral investigation of an incident that occurred on September 17, 2004.

2  (ECF No. 113 at 10.)  Plaintiff states that he wrote several letters to Secretary Cate requesting an

3  investigation into the use of force and received either no response or a marginalized response.

4  (Verified Decl. of Donald Glass ¶¶ 22, 23.)  The Court finds that Plaintiff has failed to demonstrate

5  that Secretary Cate has any information that would be relevant and admissible at the trial of this

6  action.  Plaintiff's motion for the attendance of Secretary Cate is denied.

7        Plaintiff requests the attendance of D. Sheppard-Brooks who was the Associate Warden in

8  2004. (ECF No. 113 at 22.)  Plaintiff fails to state a location at which the witness is to be served and

9  therefore the motion for the attendance of D. Sheppard-Brooks is denied.

10       Plaintiff requests that Chief Deputy Warden Lonnie Watson, Radiologist Huo, Facility

11 Captain R Halberg, Lieutenant Daniel Indendi, and Facility Captain Lopez be served at the California

12 State Prison, Corcoran.[4]  If Plaintiff wishes to have Chief Deputy Warden Lonnie Watson,

13 Radiologist Huo, Facility Captain R Halberg, Lieutenant Daniel Indendi, and Facility Captain Lopez

14 served with summonses to testify at trial, he must submit, for *each* witness, a money order made out

15 to that witness in the amount of $100.17, by January 11, 2013.[5]  No witness will be served with a

16 subpoena absent the timely submission of a money order.

17       Finally, to the extent Plaintiff is unsure where the witness is currently located, the Court and

18 the Marshal cannot and will not conduct an investigation on Plaintiff's behalf.  Ascertaining the

19 location of Plaintiff's non-incarcerated witnesses is Plaintiff's responsibility.  If Plaintiff submits the

20 money orders as required, the Court will direct the Marshal to serve the witnesses at the California

21 State Prison, Corcoran.

22       Accordingly, it is HEREBY ORDERED that:

23 1.    Plaintiff's motions for the attendance of Secretary Roderick Q. Hickman, Secretary

24       Matthew Cate, and Associate Warden D. Sheppard-Brooks are DENIED;

[4]At this juncture, the Court cannot make a finding that these witnesses do not possess relevant testimony and the witness would be required to file a motion to quash the subpoena to avoid appearing at the trial of this action.

[5]The daily witness fee of $40.00, plus $60.17 for round trip mileage for one day. 28 U.S.C. § 1821.  It is 108.4 miles, round trip, from Corcoran State Prison to the courthouse, and the current mileage reimbursement rate is 55.5 cents per mile.

2.      To have Chief Deputy Warden Lonnie Watson, Radiologist Huo, Facility Captain R Halberg, Lieutenant Daniel Indendi, and Facility Captain Lopez served with summonses to testify at trial, Plaintiff must submit, for *each* witness, a money order made out to that witness in the amount of $100.17 by January 11, 2013; and

3.      The Court cannot accept cash, and the money orders may not be made out to the Court.  The money orders must be made out in the witness's name.

IT IS SO ORDERED.

Dated:   **November 19, 2012**              _____ **/s/ Barbara A. McAuliffe** _____
                                                    UNITED STATES MAGISTRATE JUDGE