# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>R. FIELDS, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:09-cv-00098-AWI-BAM PC<br><br>ORDER DENYING MOTION FOR SUBPOENA DUCES TECUM<br><br>(ECF No. 114) |

　　　　Plaintiff Donald Glass ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint, filed January 5, 2009, against Defendants Hamilton, Robles, and Bautista for use of excessive force; Defendants Riddle, and McDaniel for deliberate indifference to Plaintiff's medical needs; and Defendants Hamilton, Bautista, Logue, Robles, Riddle, Cedillos, and McDaniel for retaliation.[1]  (ECF No. 27.)  A jury trial is set for April 15, 2013.  On October 18, 2012, Plaintiff submitted a subpoena duces tecum for non-parties to produce documents for trial and declaration. ECF Nos. 114, 115.)  Defendants filed an opposition to the motion on October 26, 2012.  (ECF No. 118.)

　　　　Plaintiff is seeking, in part, the California Department of Corrections Use of Force Handbook, all use of force and unnecessary force policies, mandates and procedures, incident reports involving Plaintiff and review reports, policies and procedures on decontamination from chemical

---

[1] On August 31, 2011, an order issued dismissing the Doe defendant, and on August 3, 2012, an order issued dismissing Defendant Grandy for Plaintiff's failure to effect service of process.  (ECF Nos. 58, 106.)

1

1  exposure, internal affairs investigations regarding the defendant from 2002 to 2004, audio of the
2  interview with Plaintiff on October 7, 2004, video of excessive force interview on October 14, 2004,
3  audio of polygraph voice analysis conducted January 1 through 10, 2005, and x-rays of Plaintiff.
4  Defendants oppose the motion on the ground that discovery in this action is closed.

5       Subject to certain requirements set forth herein, Plaintiff may be entitled to the issuance of
6  a subpoena commanding the production of documents from non-parties.  Fed. R. Civ. P. 45.
7  However, the Court will consider granting such a request *only if* the documents sought from the non-
8  party are discoverable, are not equally available to Plaintiff, and are not obtainable from Defendants
9  through a request for production of documents.  Fed. R. Civ. P. 45(c); Fed. R. Civ. P. 34.

10       The documents that Plaintiff is attempting to obtain are in the custody and control of
11  Defendants and are available through a request for production of documents.  Although Plaintiff
12  requests the production for trial, these are requests for production of documents that Plaintiff should
13  have requested during the discovery process.  A party may not use a trial subpoena to obtain
14  documents that were known during the discovery process.  nSight, Inc. V. PeopleSoft, Inc., No. 3:04-
15  cv-3836-MMC (MEJ), 2006 WL 988807, *3-4 (N.D.Cal. April 13, 2006); see Rice v. United States,
16  164 F.R.D. 556, 557-559 (N.D.Okl. 1995) (quashing subpoenas duces tecum issued after the
17  discovery cut off date as an improper attempt to engage in discovery after the discovery period
18  ended.).

19       In this instance, Plaintiff was advised in the discovery and scheduling order issued August
20  13, 2010, that all discovery was required to be completed prior to the discovery cut-off date of May
21  13, 2011.  (ECF No. 34.)  The Court finds that Plaintiff's subpoena duces tecum is an improper
22  attempt to conduct discovery after the discovery cut-off date.  Plaintiff's motion for a subpoena
23  duces tecum is untimely, and is HEREBY DENIED.

24       IT IS SO ORDERED.

25  Dated:   **November 20, 2012**            /s/ **Barbara A. McAuliffe**
                                                                        UNITED STATES MAGISTRATE JUDGE