# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:09-cv-00098-AWI-BAM PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTIONS FOR THE ATTENDANCE OF INCARCERATED WITNESSES ERIC JACKSON, D47735; LAMONTE RENCHER, D97733; AND BRYAN E. RANSOM, H71641 (ECF Nos. 134, 135, 136) |
| v. | |
| J. S. WOODFORD, et al., | ORDER DENYING PLAINTIFF'S MOTIONS FOR THE ATTENDANCE OF INCARCERATED WITNESSES STEVEN COEVILLE, P21474; JAMES A. DIESSO, H21084; AND JAMES EVANS, E72224; |
| Defendants. | (ECF Nos. 131, 132, 133) |

Plaintiff Donald Glass ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against Defendants Hamilton, Robles and Bautista for use of excessive force; against Defendants Riddle and McDaniel for deliberate indifference to Plaintiff's medical needs; and against Defendants Hamilton, Bautista, Logue, Robles, Riddle, Cedillos and McDaniel for retaliation. Trial is scheduled for April 15, 2013.

On December 17, 2013, Plaintiff filed six separate motions for the attendance of incarcerated witnesses. (ECF Nos. 131-136.) Plaintiff requests the attendance of the following inmates: (1) Steven Coeville, P21474; (2) James A. Diesso, H21084; (3) James Evans, E72224; (4) Eric Jackson, D47735; (5) Lamonte Rencher, D97733; and (6) Bryan E. Ransom, H71641. On January 11, 2013,

1

Defendants opposed the motions. (ECF No. 138.) Plaintiff replied on January 31, 2013. (ECF No. 149.)

In opposing Plaintiff's motions, Defendants contend that Plaintiff failed to properly disclose the identities of Inmates Coeville, Diesso, Evans, Rencher and Ransom during discovery. Defendants report that Plaintiff did not identify them in response to interrogatories asking him to provide the names of any witnesses that he believed supported his claims. Exhibits A, C, E, G, I, K and M to Declaration of Matthew Ross Wilson ("Wilson Dec."). Defendants also report that when asked during his deposition about whether there were any inmates who he claimed were witnesses, Plaintiff only identified "Ratham," "Rancher," and Eric Jackson. Exhibit O to Wilson Dec. at pp. 35:15-36:9. Defendants assert that because Plaintiff failed to properly disclose the identities of Coeville, Diesso, Evans, Rencher and Ransom during discovery, all of his motions for the attendance of incarcerated witnesses should be denied pursuant to Federal Rule of Civil Procedure 37(c)(1).

Federal Rule of Civil Procedure 37(c) provides that:

> If a party fails to provide information or identify a witness required by Rule 26(a) or 26(e)(1) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. Proc. 37(c). Plaintiff is exempt from the mandatory disclosures required by Rule 26(a)(1) because he is a prisoner suing California officials about the conditions of his confinement. Fed. R. Civ. Proc. 26(a)(1)(B)(iv). However, Plaintiff is not exempt from the duty to supplement or to correct any disclosure made in response to an interrogatory, request for production or request for admission pursuant to Rule 26(e)(1). Fed. R. Civ. Proc. 26(e)(1).

<u>Witnesses Jackson, Ransom and Rencher</u>

As to his discovery disclosures, Defendants do not dispute that Plaintiff disclosed the identity of inmate witness Eric Johnson. Further, Defendants acknowledge Plaintiff's attempted disclosure of inmate witnesses Ransom and Rencher, by referring to them as "Rathom" and "Rancher" during his deposition on April 5, 2011. ECF No. 138; Exhibit O to Wilson Dec. The transcribed names are not so different from the correct names to prevent identification by Defendants. Additionally, Plaintiff served Defendants with interrogatories directed at, and identifying, Inmate Rencher.

2

1  Defendants provided responses to those interrogatories on April 13, 2011. (ECF No. 149.)
2  Defendants' arguments with regard to inmate witnesses Jackson, Ransom and Rencher are
3  unavailing.

4      In determining whether to grant Plaintiff's motion for the attendance of inmates Jackson,
5  Ransom and Rencher, the Court considers the following factors: (1) whether the inmate's presence
6  will substantially further the resolution of the case, (2) the security risks presented by the inmate's
7  presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until
8  the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717
9  F.2d 466, 468 n.1 (9th Cir. 1983).

10      Plaintiff declares that Inmates Jackson, Ransom and Rencher were present on September 17,
11  2004, when the incident occurred and they are percipient, eye or ear witnesses. (ECF Nos. 134, 135,
12  Inmate Jackson and Inmate Ransom are incarcerated at CSP-Corcoran and Inmate Rencher is
13  incarcerated at California State Prison, Sacramento, so ordering their production for trial may require
14  the transfer of Inmate Rencher to a prison closer to the courthouse. The testimony of these witnesses
15  is relevant to the issues and their presence will further the resolution of the case. Although there is
16  no information available on potential security risks, this does not appear to be an issue above and
17  beyond normal security concerns in handling convicted prisoners. Further, there is no information
18  available on whether these inmates will be released from custody soon. Accordingly, the motions
19  for the attendance of Inmates Eric Jackson, D47735, Lamonte Rencher, D97733, and Bryan E.
20  Ransom, H71641, are granted.

21      <u>Inmates Diesso, Coeville and Evans</u>

22      With regard to inmate witnesses Diesso, Coeville and Evans, there is no indication that
23  Plaintiff adequately identified these proposed witnesses during the course of discovery. The Court
24  notes Plaintiff's contention that he provided general descriptions of three witnesses during his
25  deposition, namely "two white witnesses" and a "West Indies" witness. (ECF No. 149.) However,
26  these descriptions are not sufficiently specific to allow identification of witnesses Diesso, Coeville
27  and Evans.

28      Furthermore, the Court cannot conclude that the failure to identify these three witnesses

1  either was substantially justified or was harmless.  Plaintiff has not offered substantial justification
2  for his failure to provide Defendants with the correct names or prisoner identification numbers of
3  these witnesses after his deposition on April 5, 2011, which was nearly two years ago.  Plaintiff also
4  has not demonstrated that his timely failure to disclose these witnesses is harmless.  Discovery in this
5  action is closed and Defendants did not have an opportunity to depose the witnesses before trial.
6  Accordingly, the Court finds that Plaintiff's motions for the attendance of incarcerated witnesses
7  Steven Coeville, P21474, James A. Diesso, H21084, and James Evans, E72224, are denied pursuant
8  to Fed. R. Civ. P. 37(c).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions for the attendance of Inmates Eric Jackson, D47735, Lamonte Rencher, D97733, and Bryan E. Ransom, H71641, are GRANTED; and

2. Plaintiff's motions for the attendance of Inmates Steven Coeville, P21474; James A. Diesso, H21084 and James Evans, E72224, are DENIED.

IT IS SO ORDERED.

Dated:   February 15, 2013

SENIOR DISTRICT JUDGE